# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHANDLER, Plaintiff, vs. THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, Defendant. | CASE NO. 07-cv-2389-BEN-AJB<br>ORDER TO SHOW CAUSE |

Plaintiff Jeffrey Chandler ("Plaintiff") commenced this action in the Superior Court of California for the County of San Diego against Defendant The Lincoln National Insurance Company ("Defendant"). On December 20, 2007, Defendant removed the case to this Court on the basis of diversity jurisdiction. According to Defendant, removal was timely because Defendant's registered agent for service of process was served on November 21, 2007. Upon closer review, however, it appears to the Court that Plaintiff served the summons and the complaint on November 20, 2007. If the 30-day period has run on December 19, 2007, removal to this Court was untimely.

Federal courts are courts of limited jurisdiction, and therefore, are under a continuing duty to confirm their subject matter jurisdiction before reaching the merits of a dispute. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998). Subject matter jurisdiction may be raised at any time by any party or by the court *sua sponte*. *Attorneys Trust v. Videotape Computer Prods, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

When considering jurisdiction *sua sponte*, the court "may determine jurisdiction by the

standards of a Rule 12(b)(1) motion to dismiss for lack of jurisdiction." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). As such, the Court will consider the 12(b)(1) attacks typically employed by parties. There are two types of 12(b)(1) jurisdictional attacks: facial and factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Facial attacks rely solely on the allegations in the complaint, while factual attacks dispute jurisdiction using extrinsic evidence apart from the pleadings. *Id.* (citations omitted). The court is not required to refrain from viewing extrinsic evidence as it would on a 12(b)(6) motion. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003).

Defendant is ordered to show cause as to whether this case is properly before this Court. Defendant shall do so, if at all, within 7 days of the entry of this Order. Plaintiff shall respond, if at all, within 7 days after Defendant files its submission.

**IT IS SO ORDERED.**

DATED: January 11, 2008

Hon. Roger T. Benitez
United States District Judge