Martin E. Rosen (108998) mrosen@barwol.com
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorneys for Defendant
THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY CHANDLER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, a business entity of unknown form; and Does 1 through 25, inclusive,<br><br>Defendants. | CASE NO.: 07-cv-2389-BEN (AJB)<br><br>DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S **EX PARTE REQUEST FOR TELEPHONIC APPEARANCE OF DEFENDANT REPRESENTATIVE AT EARLY NEUTRAL EVALUATION CONFERENCE BEFORE MAGISTRATE JUDGE ANTHONY J. BATTAGLIA**; DECLARATION OF MARTIN E. ROSEN, ESQ. IN SUPPORT<br><br>ENE Date: March 11, 2008<br>ENE Time: 10:00 a.m. |

Defendant, The Lincoln National Life Insurance Company ("Lincoln"), moves ex parte for permission for its representative to attend the Early Neutral Evaluation Conference ("ENE") on March 11, 2008, via telephone. As shown below, good cause exists to support this request.[1]

[1] On March 3, 2008, at 4:00 p.m., Lincoln's counsel attempted to contact Plaintiff's counsel, Dave Baumgarten, by telephone to discuss the substance of this ex parte application, but was unable to reach him. *Declaration of Martin E. Rosen, Esq. ("Rosen Decl.")*, ¶ 10).

As noted in the parties' previous Joint Motion to Continue the ENE, this matter concerns a dispute over the workings of an insurance policy purchased by Plaintiff from Lincoln's predecessor, and with respect to that policy, the interaction between premiums paid, costs of insurance, investment return on portions of premiums paid, withdrawals, and like factors.

In order to facilitate settlement discussions or a meaningful ENE, on January 23, 2008, Lincoln's counsel sent a letter to Plaintiff's counsel explaining the history of Plaintiff's policy, together with hundreds of pages of supporting documentation. *Declaration of Martin E. Rosen, Esq. ("Rosen Decl.")*, ¶ 2. Because the documentation is, in part, technical in nature, the parties requested, and the Court granted, a continuance of the previously scheduled ENE so that Plaintiff's counsel would have adequate time to review the documentation and prepare for the ENE.

On several occasions in February 2008, Lincoln's counsel attempted to engage Plaintiff's counsel in a discussion of the case and expressed an interest in either resolving the case prior to the ENE or in exchanging sufficient information to make the ENE meaningful. *Rosen Decl.*, ¶ 3. Lincoln's counsel articulated his concerns that the ENE would have little value without some response from Plaintiff to Lincoln's letter and documentation, and that he did not wish to waste the Court's or his client's time preparing for and attending a conference in San Diego that had minimal chance for success. *Rosen Decl.*, ¶ 3. Lincoln's entreaty fell on deaf ears. *Rosen Decl.*, ¶ 4.

During the week of February 25, 2008, Lincoln's counsel left Plaintiff's counsel two voice messages reiterating his concerns regarding the upcoming ENE. *Rosen Decl.*, ¶¶ 5 and 6. The messages were not returned. *Rosen Decl.*, ¶ 7.

Having not received a settlement brief from Plaintiff as required by the Court's January 9, 2008, Order, and having received no information from Plaintiff as to the matters he believes are at issue, Lincoln is in no position to conduct productive settlement discussions. Under these circumstances, Lincoln believes it inequitable to

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

require its client representative, Assistant Vice President and Associate Counsel Stephanie T. Farabow, to travel from Greensboro, North Carolina to San Diego.

As such, Lincoln requests that Ms. Farabow be permitted to participate in the ENE via telephone, with Lincoln's lead counsel, Martin E. Rosen, attending in person. In addition, Ms. Farabow agrees to attend a subsequent ENE in person should the Court believe that such a session would be fruitful.

Dated: March 4, 2008

BARGER & WOLEN LLP

By: [signature]

MARTIN E. ROSEN
RUSSELL H. BIRNER
Attorneys for Defendant THE LINCOLN NATIONAL LIFE INSURANCE COMPANY



BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

# DECLARATION OF MARTIN E. ROSEN

I, Martin E. Rosen, declare and state:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a partner with Barger & Wolen LLP, counsel for Defendant The Lincoln National Life Insurance Company. I have personal knowledge of the matters contained herein and if required to do so I could and would testify competently thereto.

2. This case involves an insured's dissatisfaction with the performance of his cash-value life insurance policy. Because of the detail concerning the cash value accounts related to the policy, I provided the insured's (plaintiff's) counsel with correspondence and documentation that would permit an intelligent discussion of the issues prior to the upcoming Early Neutral Evaluation Conference ("ENE"). Attached hereto as Exhibit A is a true and correct copy of my January 23, 2008 letter to Plaintiff's counsel, Eugene Yale, without its attachments. I sent this letter in order to facilitate settlement discussions or a meaningful ENE.

3. On several occasions in February, 2008, I attempted to engage Plaintiff's counsel in a discussion of the case and expressed an interest in either resolving the case prior to the ENE or in exchanging sufficient information to make the ENE meaningful. I articulated my concerns that the ENE would have little value without some response from Plaintiff to my January 23rd letter and documentation, and that I did not wish to waste the Court's or my client's time preparing for and attending a conference in San Diego that had minimal chance for success.

4. I received no response to my January 23rd letter, and counsel did not respond to my several overtures to discuss the dispute pre-ENE, to make the ENE productive.

5. On February 28, 2008, I left a voicemail message for Dave Baumgarten, reiterating my concerns that without pre-ENE discussions, the upcoming ENE would not be productive.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

6. On February 29, 2008, I left a second voicemail message for Mr. Baumgarten, again reiterating my concerns regarding the upcoming ENE.

7. As of March 3, 2008, I have not received any response to my voicemail messages.

8. My client representative, Stephanie Farabow, Esq., resides in North Carolina, and travel to San Diego for what now appears will not be a productive ENE, would be a waste of time and money resources. While my client and I wish to participate in person in a productive ENE, we do not wish to have Ms. Farabow fly to San Diego for what now appears will almost certainly be a "preliminary" ENE, with a more meaningful ENE to follow.

9. As a result of the foregoing, I respectfully request that Ms. Farabow be permitted to attend the upcoming ENE by telephone, with a further ENE to be scheduled sometime thereafter, if appropriate, which she would attend in person.

10. On March 3, 2008, at 4:00 p.m., I attempted to contact Mr. Baumgarten by telephone to discuss the substance of this ex parte application but was unable to reach him.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 3rd day of March 2008, at Los Angeles, California.

Martin E. Rosen



BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

# PROOF OF SERVICE

***(Jeffrey Chandler v. The Lincoln National Life Insurance Company, USDC, Southern District, Case No.07-CV-2389-BEN( AJB)***

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: Barger & Wolen LLP, 633 West Fifth Street, 47th Floor, Los Angeles, California 90071-2043.

On **March 4, 2008**, I served the foregoing document(s) described as **DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S EX PARTE REQUEST FOR TELEPHONIC APPEARANCE OF DEFENDANT REPRESENTATIVE AT EARLY NEUTRAL EVALUATION CONFERENCE BEFORE MAGISTRATE JUDGE ANTHONY J. BATTAGLIA; DECLARATION OF MARTIN E. ROSEN, ESQ. IN SUPPORT** on the interested parties in this action by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope addressed as stated in the attached mailing list.

Eugene P. Yale, Esq.
David W. Baumgarten, Esq.
YALE & BAUMGARTEN LLP
5030 Camino de la Siesta, Suite 308
San Diego, CA 92108
Telephone #: (619) 220-8790
Facsimile #: (619) 220-0369

[ X ] **BY MAIL**

[ X ] I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed at Los Angeles, California on

[ X ] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at Los Angeles, California on **March 4, 2008**.

NAME: Sonia Martinez

(Signature)



BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800