Eugene P. Yale, Esq. SBN 83048 yale@yblaw.com
David W. Baumgarten, Esq. SBN 179574 baum@yblaw.com
YALE & BAUMGARTEN LLP
5030 Camino de la Siesta, Suite 308
San Diego, California 92108
Tel. (619) 220-8790
Fax (619) 220-0369

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY CHANDLER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, a business entity of unknown form; and Does 1 through 25, inclusive,<br><br>Defendants. | CASE NO.: 07-cv-2389-BEN (AJB)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S EX PARTE APPLICATION FOR PERMISSION TO APPEAR AT THE EARLY NEUTRAL EVALUATION CONFERENCE BY TELEPHONE**<br><br>JUDGE: Hon. Anthony J. Battaglia |

The plaintiff, Jeffrey Chandler, respectfully submits this response to the defendant's ex parte the ex parte application for permission to appear at the Early Neutral Evaluation Conference by telephone.

The defendant's ex parte application is premised on the notion that the ENE will be a waste of time because plaintiff's counsel has ignored defendant's counsel and is otherwise not prepared to discuss the issues. Respectfully, that is not accurate and the defendant knows better. While it is true that plaintiff's counsel has not been available to discuss this case within the last few days, plaintiff's counsel and defendant's counsel have discussed defendant's counsel's letter of January 23, 2007 on several occasions. More specifically, plaintiff's counsel has reviewed the "hundreds of pages of documentation"

provided by defendant's counsel, and expressly advised defendant's counsel of the same. Plaintiff's counsel advised defendant's counsel that he had some questions concerning the documentation and the rate formulas, and that he would discuss the same with defendant's counsel at a later date (but prior to the ENE) after conferring with the plaintiff. Plaintiff's counsel attempted to contact defendant's counsel on the afternoon of the March 5, but received an auto-reply e-mail advising that defendant's counsel is out of the office the rest of the week. [Baumgarten Declaration attached hereto.]

In any event, as the court is aware from the plaintiff's ENE Statement, the plaintiff filed this lawsuit because he could not get an explanation from the defendant as to why his premium increased. (By the defendant's own description, this is a "technical" and somewhat complicated insurance product.)[1] It now appears that the person who is supposedly able to explain the product is not going to attend to the ENE. Accordingly, plaintiff's concern is that an appearance by telephone may not be an effective means by which to explain policy provisions, rate calculations, etc., to plaintiff and the court.

Finally, it should be noted that when the parties stipulated to continue the original ENE, one of the bases for the continuance was the defendant's unavailability to fly to California on the date scheduled. Counsel and the court accommodated the defendant's schedule and set the ENE for a date convenient for the defendant. Now the defendant does not want to appear on the date it selected.

DATED: March 6, 2008

YALE & BAUMGARTEN, LLP

David W. Baumgarten, Attorney for Plaintiff

[1] See Joint Motion to Continue ENE from January 2008, prepared by defendant.

**DECLARATION OF DAVID W. BAUMGARTEN**

I, David W. Baumgarten, declare:

1. I am an attorney duly licensed to practice before this court. I am a partner in the law firm of Yale & Baumgarten, LLP, attorney of record for the plaintiff. I have personal knowledge of the facts stated herein, and if called to testify, could and would competently testify thereto.

2. On January 23, 2008, counsel for the defendant, Martin Rosen, sent a letter to my partner, Gene Yale, offering his thoughts on this case. Mr. Rosen attached to the letter several hundred pages of documents relating to the history of the Policy.

3. In late January, Mr. Rosen contacted me and requested that the parties stipulate to continue the ENE set for February 8, 2008, for the reasons set forth in the parties' Joint Motion for Continuance, dated January 30, 2008. In that telephone conversation, Mr. Rosen and I discussed the Policy and the mechanics of the Policy from his perspective. Mr. Rosen asked that I review his letter of January 23, 2008 and the supporting documents in detail, and advise him of any questions prior to the ENE. I told him that I would do so.

4. In February, 2008 I was engaged in a binding arbitration on a construction dispute. That arbitration took up several weeks of my time. Later in February, my partner became ill, and missed a substantial time at the office. I had to cover for him on a number of matters. In any event, I was able to review Mr. Rosen's letter of January 23 and the supporting documents in detail.

5. On February 21, Mr. Rosen called me and inquired whether I had reviewed his materials. I told him that I had reviewed his letter and supporting documents, and had some questions for him, but that I wanted to confer with my partner and my client before going over them with him. I told Mr. Rosen that I would contact him before the ENE to discuss.

6. Mr. Rosen apparently called for me last week to discuss the case, but I was unavailable. I attempted to contact Mr. Rosen on the afternoon of the March 5, but received an auto-reply e-mail advising that he is out of the office the rest of the week.

/ / /

7. While drafting this response, I received an e-mail from Mr. Rosen advising that he is on the road and would try and call me.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

DATED: March 6, 2008

David W. Baumgarten