**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JEFFREY CHANDLER,

Plaintiff,

vs.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

Defendant.

CASE NO. 07-cv-2389-BEN-AJB

ORDER REMANDING THE CASE

## I. INTRODUCTION

Plaintiff Jeffrey Chandler ("Plaintiff") commenced this breach-of-contract action in the Superior Court of California for the County of San Diego against Defendant The Lincoln National Insurance Company ("Defendant"). On December 20, 2007, Defendant removed the case to this Court on the basis of diversity jurisdiction. On January 11, 2008, the Court issued an Order to Show Cause as to why this case should not be remanded to the state court. Having reviewed the parties' briefings on the matter, the Court determined that it lacks subject matter jurisdiction over this case because the amount in controversy does not exceed the required threshold of $75,000. Accordingly, the Court remands this case to the state court for further proceedings.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction, and, therefore, are under a continuing duty to confirm their subject matter jurisdiction before reaching the merits of a dispute. *See Steel Co. v.*

*Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998). Subject matter jurisdiction may be raised at any time by any party or by the court *sua sponte*. *Attorneys Trust v. Videotape Computer Prods, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). In a removal action, a district court must remand to state court if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447. The party seeking to invoke removal jurisdiction bears the burden of supporting its jurisdictional allegations with competent proof. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). District courts construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *See Gaus* , 980 F.2d at 566; *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

Under 28 U.S.C. § 1441(a), a defendant may remove any civil action brought in a state court to a federal district court if the district court has subject matter jurisdiction over the action. 28 U.S.C. § 1441(a); *see also Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1993). "Only state court actions that originally could have been filed in federal court may be removed . . . ." *Hyles v. Mensing*, 849 F.2d 1213, 1215 (9th Cir. 1988) (citations and internal quotations omitted). As courts of limited jurisdiction, federal district courts only have subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States or cases where there is diversity of citizenship between the parties. 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction).

When considering jurisdiction *sua sponte*, the court "may determine jurisdiction by the standards of a Rule 12(b)(1) motion to dismiss for lack of jurisdiction." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). As such, the Court will consider the 12(b)(1) attacks typically employed by parties. There are two types of 12(b)(1) jurisdictional attacks: facial and factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Facial attacks rely solely on the allegations in the complaint, while factual attacks dispute jurisdiction using extrinsic evidence apart from the pleadings. *Id.* (citations omitted). The court is not required to refrain from viewing extrinsic evidence as it would on a 12(b)(6) motion. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003).

Defendant failed to satisfy its burden of supporting subject matter jurisdiction before this Court. In its brief opposing a remand, Defendant argues that the Court should measure the amount in controversy in this case by the face value of the life insurance policy in question: $1,879,159. *See* Doc. No. 15, at 4. As Plaintiff's allegations make clear, however, Plaintiff is not seeking the face value of the policy from Defendant. In Plaintiff's own words, Plaintiff "filed this lawsuit because he could not get an explanation from Defendant as to why his premium increased." Doc. No. 17, at 2. Plaintiff further acknowledges that "the validity of the policy is not at issue." Doc. No. 11, at 3. Plaintiff seeks to lower his monthly payments and to recoup the $5,900 in "past due" premiums he had paid to Defendant "under protest." It is, therefore, apparent, that – even if Plaintiff recovers the relief he requests – the amount of recovery is unlikely to exceed $75,000 in this case.

Having made an argument of convenience in favor of subject matter jurisdiction, Defendant now wants to have its cake and eat it too. Specifically, after claiming that Plaintiff could potentially recover millions of dollars from Defendant, Lincoln National notes in a subsequent filing that – even if Plaintiff's complaint is substantiated – Plaintiff cannot recover any money from Defendant. *See* Doc. No. 19, at 1. Defendant admits that Plaintiff's insurance policy is a variable flexible premium policy; that there is no money due to Plaintiff; and that Plaintiff "withdrew much of the money he had earlier contributed to the policy" – over $400,000, to be exact. *See* Doc. No. 19. Citing legal authority to support its position, Lincoln National further concludes that "there are no monies owed, . . . no breach of contract, [and] no potential for recovery of any moneys, including attorneys' fees." *Id.* at 6-7. The Court is, therefore, persuaded that the dispute in this case is over the correct amount of the premium Plaintiff owes Defendant, and that the validity of the policy itself is not at issue. Therefore, the amount in controversy is not met in this case, and this Court does not have subject matter jurisdiction over it.

The Court may award attorney's fees to the plaintiff "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). This case presents a clear example where Defendant lacked any objectively reasonable basis for removing the case. From the initial stage of this action, it was clear that

Plaintiff sought to reduce what he perceived as unreasonably high insurance premiums, and that the amount in controversy was below the threshold amount required for removal. Federal courts must act as the gatekeepers by "deter[ring ] removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" in case like this one. *Id.* at 1140. "The process of removing [this] case to a federal court and then having it remanded back to state court delay[ed] resolution of the case, impose[d] additional costs on both parties, and waste[d] judicial resources." *See id.* Accordingly, the Court orders Defendant to pay Plaintiff's attorney's fees incurred as a result of improper removal to this Court. Plaintiff shall file a bill of costs with the Clerk of Court within 30 days from the date of this Order.

## III. CONCLUSION

Defendant's actions removing this case to this Court were improper. It was clear from the face of the Complaint that the amount in controversy necessary to satisfy the subject matter jurisdiction before this Court was not met. Accordingly, the Court REMANDS this case to the Superior Court of the State of California for the County of San Diego. The Court orders Defendants to pay Plaintiff's attorney's fees incurred as a result of this removal. The Clerk shall close the case.

**IT IS SO ORDERED.**

DATED: March 12, 2008

Hon. Roger T. Benitez
United States District Judge